**William ZAPATA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 07–2801–ag.

United States Court of Appeals, Second Circuit.

April 18, 2008.

William Zapata, Bronx, NY, pro se, Petitioner.

Blair T. O'Connor (Jeffrey S. Bucholtz, Jennifer L. Lightbody, on the brief), United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC., for Respondent.

Present: Hon. PIERRE N. LEVAL, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner William Zapata, a native and citizen of the Dominican Republic, was charged as removable in October 2004. On June 1, 2007, the Board of Immigration Appeals ("Board") upheld the Immigration Judge's determination that Petitioner failed to establish his eligibility for special rule cancellation of removal by failing to demonstrate that he had been battered or subjected to extreme cruelty by his U.S. citizen spouse. The Board also rejected Petitioner's claims regarding an inadequate transcript of his removal proceedings, and found that it lacked jurisdiction to consider Petitioner's challenge to his custody status in removal proceedings. Zapata now petitions this Court for review of the Board's final order of removal. On appeal, Petitioner principally contends that he was entitled to a translated copy of his immigration court transcript.[1] The government argues that Petitioners's claims either lack merit or are not subject to this Court's jurisdiction. We agree. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Petitioner argues that he is entitled to a copy of the transcript of his cancellation hearing translated into his native language of Spanish. While noting this Court's decision in *Augustin v. Sava*, 735 F.2d 32 (2d Cir.1984), which held that asylum applicants who fear persecution in their native countries are entitled to an adequate translation of their testimony and evidence during their asylum hearing, the Board correctly found that such a right has never been extended to an applicant for cancellation of removal seeking a translated version of his hearing transcript on appeal to the Board. Even assuming, *arguendo*, that this right should be extended to this context, Zapata demonstrates neither that the translation of his cancellation hearing

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

1. Petitioner has not challenged, either before the Board or this Court, the determination by the Immigration Judge that he failed to establish that he was battered or subjected to extreme cruelty by his wife. Accordingly, we deem it waived. See 8 U.S.C. § 1252(d)(1); *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007). In any event, we find no error of law in the Immigration Judge's rejection of this claim.

was deficient nor that prejudice resulted from any mistranslation. *Cf. Gishta v. Gonzales*, 404 F.3d 972, 978–80 (6th Cir. 2005) (finding no due process violation when there were only isolated examples of mistranslations, there was no challenge to the interpretation before the IJ, and no prejudice was shown); *Kuqo v. Ashcroft*, 391 F.3d 856 (7th Cir.2004) (finding no due process violation when individual failed to show either that there was a flawed translation or that he was prejudiced by the translation in a different dialect). Accordingly, we deny Zapata's petition as it relates to his request for the transcript of the translation of his cancellation hearing.

We have considered all of the remaining arguments raised by Petitioner in his brief and find them to be without merit.

For the foregoing reasons, Zapata's petition for review is DENIED in part and DISMISSED in part. As we have completed our review, Zapata's pending motion for a stay of removal is DISMISSED as moot.